IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAVID CHESTER FAULKNER, | ) |
| Plaintiff, | ) |
| VS. | ) No. 10-2722-JDT-dkv |
| HENRY STEWARD, ET AL., | ) |
| Defendants. | ) |

ORDER DENYING MOTION TO REINSTATE CASE

The *pro se* prisoner Plaintiff, David Chester Faulkner, filed this action pursuant to 42 U.S.C. § 1983 on October 6, 2010. (ECF No. 1.) The case was ultimately dismissed on August 20, 2014, pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 265.) In the order of dismissal, the Court found that Plaintiff had disobeyed a previous order directing him not to make any further false statements concerning offers to settle this case. (*Id.* at 2-4.) Judgment was entered on August 21, 2014. (ECF No. 266.)

On October 23, 2015, Plaintiff filed a motion to reinstate the case. In its entirety, the motion states:

> Comes now the Plaintiff in the above entitled action, and asks this Court to reinstate this civil action. Plaintiff now has written proof that Asst. Attorney General for the State of TN conspired with others to falsify mail records to get this case dismissed for cause.
>
> Plaintiff asks this Court to reinstate this action, so he may prove this conspiracy.

(ECF No. 267 at 1.) Plaintiff's motion includes no evidence to support his assertions.

The Court construes Plaintiff's motion to reinstate as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and/or a motion for relief from judgment pursuant to Rule 60(b). The purpose of Rule 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). It "is not intended to relitigate matters already decided by the Court." *Windsor v. A Federal Executive Agency*, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985). The granting of a motion under Rule 59(e) is within the sound discretion of the district court. *McMahon v. Libbey-Owens-Ford Co.*, 870 F.2d 1073, 1078 (6th Cir. 1989). In addition, the Rule provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff's motion was filed more than one year after entry of judgment in this case and is, therefore, untimely under Rule 59(e).

Rule 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
 (1) mistake, inadvertence, surprise, or excusable neglect;
 (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
 (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
 (4) the judgment is void;
 (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
 (6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the

burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

In this case, Plaintiff apparently contends that he has newly discovered evidence that Defendants' counsel acted fraudulently and committed misconduct in connection with this case, so that his motion arises under Rule 60(b)(2) and/or (b)(3). However, motions under those subsections of Rule 60(b) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Therefore, Plaintiff's motion is also untimely under Rule 60(b).

Plaintiff's motion to reinstate this case is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE